NO. 07-06-0361-CR


 07-06-0362-CR

 07-06-0363-CR

 07-06-0364-CR

 07-06-0365-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 8, 2007


______________________________



MICHAEL CODY WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14449-0205; B14470-0205; A14595-0208; A14596-0208; A14597-0208;



HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 In a consolidated appeal, Michael Cody Williams, appellant, appeals orders revoking
his community supervision in five cases. Appellant entered a plea of guilty without a plea
bargain in each case and was placed on community supervision in each case. 
Subsequently, the State filed motions to revoke community supervision alleging that
appellant had violated the terms and conditions of his community supervision. The trial
court found that appellant had violated his community supervision and revoked the orders
placing appellant on community supervision. The trial court assessed a term of
confinement in the Institutional Division of the Texas Department of Criminal Justice on
each case, all periods of confinement to run concurrently. We affirm.

 Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not favored us with a response. 

 By his Anders brief, counsel raises a ground that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed this ground and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
orders are affirmed.


 Mackey K. Hancock

 Justice

 


Do not publish. 






er="0">

 challenges
the trial court’s order terminating his parental rights to his son, A.T.C. Presenting a sole
issue, he maintains the evidence is insufficient to support termination. We affirm.
 
Background
          A.T.C.’s mother, W.E.W., and his father, M.C., began dating when they were
teenagers. On December 7, 1999, when W.E.W. was seventeen, she gave birth to A.T.C. 
She and M.C. never married nor lived together and she ended the relationship
approximately six months after A.T.C. was born. M.C.’s parentage was adjudicated in
2000 and both he and W.E.W. were named joint managing conservators. Child support
payments of $155 per month based on minimum wage were ordered to begin on August
1, 2000. Visitation by M.C. was left in W.E.W’s discretion. According to W.E.W.’s
testimony, M.C. has not had any contact with A.T.C. since he was one year old and has
not provided financial or other support in years.
          In 2004, W.E.W. married J.P.W. She is a pediatric nurse and her husband works
in the construction business and is a full-time college student. They have a daughter who
is younger than A.T.C. After his half-sister was born, A.T.C. expressed concerns to his
stepfather that he was the only person in the family that had a different surname. W.E.W.
decided to pursue termination of M.C.’s parental rights so that J.P.W. could adopt A.T.C. 
She wrote M.C., who was incarcerated at the time, to request that he relinquish his
parental rights. According to W.E.W., M.C. refused to cooperate despite his lack of
involvement in A.T.C.’s life.
          W.E.W. and J.P.W. initiated termination proceedings. They alleged the following 
grounds:
(1) M.C. voluntarily left the child alone or in the possession of another without
providing adequate support of the child and remained away for a period of
at least six months;
(2) M.C. failed to support the child in accordance with the parent’s ability
during a period of one year ending within six months of the date of the filing
of the petition;
(3) M.C. knowingly engaged in criminal conduct that has resulted in the
parent’s conviction of an offense and confinement or imprisonment and
inability to care for the child for not less than two years from the date of filing
the petition; and
(4) termination is in the best interest of the child.
 
See Tex. Fam. Code Ann. § 161.001(1)(C), (F), and (Q), and (2) (Vernon Supp. 2008). 
The trial court granted the petition for termination based solely upon § 161.001(1)(C),
impliedly finding that M.C. voluntarily left the child in the possession of another without
providing adequate support of the child and remained away for a period of at least six
months.
Termination of Parental Rights
          The natural right existing between parents and their children is of constitutional
dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination
proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846, 846 (Tex.
1980). A termination decree is complete, final, irrevocable, and divests for all time that
natural right as well as all legal rights, privileges, duties, and powers with respect to each
other except for the child’s right to inherit. Holick, 685 S.W.2d at 20. Thus, due process
requires application of the clear and convincing standard of proof in cases involving
involuntary termination of parental rights. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). 
Clear and convincing evidence is that measure or degree of proof which will produce in the
mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought
to be established. See § 101.007. See also In Interest of G.M., 596 S.W.2d at 847; In re
Z.J., 153 S.W.3d 535, 539 (Tex.App.–Amarillo 2004, no pet.). Parental rights, however,
are not absolute, and it is essential that the emotional and physical interests of the child
not be sacrificed merely to preserve those rights. In re C.H., 89 S.W.3d 17, 26 (Tex.
2002). 
          Section 161.001 of the Family Code permits a court to order termination of parental
rights if the petitioner establishes one or more acts or omissions enumerated under
subsection (1) of the statute and also proves that termination of the parent-child
relationship is in the best interest of the child. See § 161.001(2); Holley v. Adams, 544
S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be probative of both
issues, both elements must be established and proof of one element does not relieve the
petitioner of the burden of proving the other. See id.; In re C.H., 89 S.W.3d at 28. 
Lack of Findings of Fact
          Notwithstanding M.C.’s request for findings of fact and conclusions of law, he did
not make a further request as required by Rule 297 of the Texas Rules of Civil Procedure. 
Consequently, the trial court did not file findings nor conclusions. In such a case, the trial
court’s judgment implies all findings of fact necessary to support it. Pharo v. Chambers
County, 922 S.W.2d 945, 948 (Tex. 1996). When a reporter’s record is filed, however,
these implied findings are not conclusive and may be challenged for legal and factual
sufficiency of the evidence. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795
(Tex. 2002). The judgment must be affirmed if it can be upheld on any legal theory that
finds support in the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).
Standard of Review
          M.C. maintains, by his sole issue, that the evidence is insufficient to support the trial
court’s termination order. In reviewing the legal sufficiency of the evidence to support an
order terminating parental rights, a court should look at all the evidence in the light most
favorable to the finding to determine whether a reasonable trier of fact could have formed
a firm belief or conviction that its finding was true. In re J.P.B., 180 S.W.3d 570, 573 (Tex.
2005) (citing In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002)). To give appropriate deference
to the factfinder’s conclusions and the role of a court conducting a legal sufficiency review,
looking at the evidence in the light most favorable to the judgment means that a reviewing
court must assume that the factfinder resolved disputed facts in favor of its finding if a
reasonable factfinder could do so. A corollary to this requirement is that a court should
disregard all evidence that a reasonable factfinder could have disbelieved or found to have
been incredible. This does not mean that a court must disregard all evidence that does not
support the finding. Disregarding undisputed facts that do not support the finding could
skew the analysis of whether there is clear and convincing evidence. Id.
          The standard for reviewing the factual sufficiency of termination findings is whether
the evidence is such that a factfinder could reasonably form a firm belief or conviction
about the truth of the . . . allegations. In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006)
(citing In re C.H., 89 S.W.3d at 27). If, in light of the entire record, the disputed evidence
that a reasonable factfinder could not have credited in favor of the finding is so significant
that a factfinder could not reasonably have formed a firm belief or conviction, then the
evidence is factually insufficient. In re H.R.M., 209 S.W.3d at 108 (citing In re J.F.C., 96
S.W.3d at 266). 
          Only one statutory ground is required to terminate parental rights under § 161.001. 
See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re S.F., 32 S.W.3d 318, 320
(Tex.App.–San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the
evidence is sufficient on any statutory ground relied on by the trial court in terminating the
parent-child relationship when there is also a finding that termination is in the child’s best
interest. See In re A.V., 113 S.W.3d at 362.Discussion



I.        § 161.001(1)(C) - Grounds for Involuntary Termination
          The court may terminate the parent-child relationship if the court finds by clear and
convincing evidence that the parent has left the child alone or in the possession of another
without providing adequate support of the child and remained away for a period of at least
six months. See § 161.001(1)(C). This ground is commonly characterized as the
abandonment of a child by a parent. See In re T.B.D., 223 S.W.3d 515, 518
(Tex.App.–Amarillo 2006, no pet.). The six-month period is a period of at least six
consecutive months. See id.
          As previously mentioned, M.C. was named joint managing conservator of A.T.C. in
2000 when his parentage was established. According to W.E.W.’s undisputed testimony,
M.C. was not interested in having a relationship with A.T.C. if he could not have one with
her also. At the time of the hearing, A.T.C. was eight years old. M.C. had not seen A.T.C.
since he was one year old and before that, he only saw him a “handful” of times. W.E.W.
recalled M.C. calling about three times since A.T.C. was one. When A.T.C. was four years
old, W.E.W. saw M.C. at a funeral where he inquired about A.T.C., but did not ask to see
him. When A.T.C. was six years old, M.C. called W.E.W., but only to talk about his father’s
poor health; he did not ask about A.T.C. W.E.W. and M.C. had a chance encounter at an
airport when A.T.C. was very young. When M.C. asked about him, W.E.W. pointed in
A.T.C.’s direction “a ways off” but M.C. did not exit his car to see A.T.C. 
          Basically, W.E.W.’s testimony established that M.C. had no contact with A.T.C. after
he was one year old. After W.E.W. initiated termination proceedings, M.C. did attempt to
correspond from prison, but she refused the correspondence to avoid confusing A.T.C. 
In her words, “[A.T.C.] doesn’t know who [M.C.] is.”
          W.E.W. testified that neither M.C. nor his family have provided any financial or other
support for A.T.C. over the years. She recalled that diapers were provided a few times. 
According to Attorney General reports, no child support has been paid by M.C. since
August 18, 2003. The evidence is clear and convincing that M.C. voluntarily left A.T.C. in
W.E.W.’s possession without providing adequate support and that M.C. remained away
for a period of six consecutive months. Thus, the evidence is legally and factually sufficient
to support termination under §161.001(1)(C). 
II.       §161.001(2) – Best Interest
          Notwithstanding the sufficiency of the evidence to support termination under §
161.001(1)(C), we must also find clear and convincing evidence that termination of the
parent-child relationship was in A.T.C.’s best interest. See § 161.001(2). In deciding the
best interest of a child, we consider several factors including: (1) the desires of the child;
(2) the emotional and physical needs of the child now and in the future; (3) the emotional
and physical danger to the child now and in the future; (4) the parental abilities of the
individuals seeking custody; (5) the programs available to assist these individuals; (6) the
plans for the child by these individuals; (7) the stability of the home; (8) the acts or
omissions of the parent which may indicate that the existing parent-child relationship is not
a proper one; and (9) any excuse for the acts or omissions of the parent. Holley, 544
S.W.2d at 371-72. These factors are not exhaustive; some listed factors may be
inapplicable to some cases, while other factors not on the list may also be considered
when appropriate. In re C.H., 89 S.W.3d at 27. Furthermore, undisputed evidence of one
factor may be sufficient in a particular case to support a finding that termination is in the
best interest of the child. Id. On the other hand, the presence of scant evidence relevant
to each Holley factor will not support such a finding. Id. Evidence that proves one or more
statutory grounds for termination may also constitute evidence illustrating that termination
is in the child's best interest. See id. at 28. In any case, there must be evidence from
which a factfinder could reasonably have formed a firm conviction or belief that the child's
best interest warranted termination. In re D.S.A., 113 S.W.3d 567, 574 (Tex.App.--Amarillo
2003, no pet.). 
          W.E.W. is a pediatric nurse and J.P.W. has held the same job for twelve years, and
according to W.E.W., they have a good marriage. In addition to A.T.C.’s younger half-sister, J.P.W. also has an older daughter. The extended family is very involved in youth
activities, family functions, and family birthdays. J.P.W. coaches A.T.C.’s soccer team. 
W.E.W. testified that A.T.C. expressed an interest in being raised by his stepfather. 
          Neither M.C. nor his family have a relationship with A.T.C. W.E.W. testified that
when A.T.C. was three weeks old, they visited M.C.’s parents during Christmas and they
did not express a desire to have a relationship with their grandson. According to W.E.W.,
the paternal grandparents fought and she believed they were alcoholics. There is no
evidence that they ever provided any support for A.T.C. In light of the entire record, we
find clear and convincing evidence that termination of M.C.’s parental rights to A.T.C. was
in the child’s best interest. Consequently, we overrule M.C.’s sole issue.
          Accordingly, the trial court’s termination order is affirmed.




                                                                           Patrick A. Pirtle

                                                                                 Justice